JOHAN WALTER *vs.* LEWIS HANSON and another.

June 23, 1885.

Complaint—Vendor's Lien for Unpaid Purchase-Money.—A complaint alleging, among other things, a sale of land for an agreed price, to be paid upon the delivery of the deed, alleging the delivery of the deed, and the payment at that time of only a part of the price, but that the "defendant agreed to pay to the plaintiff the balance of said purchase-money within a few days thereafter," construed as not showing the making of a new contract indefinitely extending the agreed time of payment.   Com-plaint considered as showing a right to recover the unpaid purchase-money, and the existence of a vendor's lien, on account of the same.

Appeal by defendants from an order of the district court for Otter Tail county, overruling a demurrer to the complaint.

*Clapp, Woodward & Cowie,* for appellants.

*M. R. Tyler* and *H. E. Rawson,* for respondent.

DICKINSON, J.   Demurrer to the complaint in an action to have declared and enforced a vendor's lien for the purchase-money of real estate.   The complaint shows the ownership of the land by the plaintiff; the conveyance of it to defendant Hanson more than two years before the commencement of this action, for the consideration of $1,500, all of which, by the terms of the sale, was payable to plaintiff

upon the delivery of the deed; that when the deed was delivered the grantee paid $400 only, "and agreed to pay to the plaintiff the balance of said purchase-money within a few days thereafter;" that, although demanded, it is still unpaid, and that Hanson is insolvent. The defendant Denison is alleged to be a grantee of a portion of the land from Hanson, and as a secret trustee for Hanson without consideration, and with knowledge of the unpaid purchase-money due to the plaintiff.

The complaint is sufficient. The right to recover the purchase-money unpaid is not denied, and the only ground upon which it is urged that the plaintiff is not entitled to a vendor's lien upon the property is that, as is claimed, there is shown an agreement postponing the payment to an indefinite time subsequent to the giving of the deed, for which reason it is said that equity will afford no relief. We do not consider the soundness of the doctrine thus asserted, for we do not deem such to be the effect of the complaint. It shows an agreement to pay the whole price upon delivery of the deed. The subsequent language of the complaint, which we have quoted, does not import a new contract made upon the delivery of the deed and binding upon the vendor, postponing the payment of the purchase-money. It only shows that the *defendant* agreed to pay in a few days what he was obligated to pay presently, but it does not appear that the *plaintiff*, by a new contract or agreement, on his part, deprived himself of the right to require payment immediately. That the property in Denison's hands is subject to the vendor's lien under the allegations of the complaint is not questioned.

Order affirmed.